UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
Apr 30  10 35 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| NEW COLT HOLDING CORP., *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | DOCKET NO. |
| ) | 302-CV-173 (PCD) |
| RJG HOLDINGS OF FLORIDA, INC., *et al.* ) | |
| ) | |
| Defendants. ) | APRIL 29, 2004 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT AWA'S MOTION FOR
RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT
AS TO DEFENDANT'S "MADE IN THE USA" CLAIMS**

For their Opposition to Defendant AWA's Motion for Reconsideration of this Court's Order Granting Summary Judgment as to Defendant's "Made in the USA Claims," Plaintiffs' state as follows:

**LEGAL STANDARD**

In general, one of three conditions must be present to justify the granting of a motion for reconsideration: (1) an intervening change in controlling law since the ruling being challenged; (2) newly discovered evidence; or, (3) clear error or the need to prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir.), cert. denied, 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992). This standard necessarily is a strict one, to dissuade repetitive arguments on issues that have already been considered fully by the Court. Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir.1995). A motion for reconsideration is not a proper vehicle for relitigating issues already decided. Id., Metropolitan Entertainment Co. v. Koplik, 25 F.Supp.2d 367, 368 (D.Conn.1998) (citations omitted).

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, at 257. See also, Metropolitan Entertainment Co. v. Koplik, 25 F.Supp.3d 367 (D.Conn 1998). Nor may such a motion "be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Philbrick v. Univ. of Conn., 51 F.Supp.2d 164, 165 (D.Conn.1999) (quoting Horsehead Res. Dev. Co. v. B.U.S. Envtl. Services, Inc., 928 F.Supp. 287, 289 (S.D.N.Y.1996)).

## ARGUMENT

None of the three conditions to a proper reconsideration is present in Defendant's Motion. AWA's memorandum contains no citations which reflect a recent change in controlling law, nor is there any reference to newly discovered evidence. AWA also has failed to show clear error.

To the contrary, AWA's Memorandum is largely a rehash and elaboration of arguments previously made by it in its extensive briefs filed in correction with its original Motion for Summary Judgment and in opposition to Plaintiffs' Motion for Partial Summary Judgment. After reviewing the evidence and argument submitted by AWA, this Court held that that AWA had not removed its claim for damages from the realm of "pure speculation," and that Defendant has no standing to assert its false advertising/false designation of origin counterclaim (Ruling, pp.64-5).

Because Defendant's revolvers are not of domestic manufacture, the Court wrote "there is no evidence to suggest that if consumers knew the truth of its origin they would cease to care about the revolvers domestic origin and purchase Defendants' foreign produced revolvers." (Ruling, p.65). This is a fundamental flaw in the Counterclaim, and the Court so noted. AWA seems to suggest in its Motion, not based on controlling precedent but on dicta taken out of context from Havana Club Holding, S. A. v. Galleon, S.A., 203 F.3d 116 (2nd Cir.2000), that it is entitled to a more relaxed rule as to its standing to bring its claims. Therefore, rather than satisfy one or more of the conditions necessary to a meritorious reconsideration motion, AWA's Motion confirms that: (1) there is no intervening change in controlling law since this Court's ruling; (2) there is no new evidence of "likely injury" to AWA or a "causal nexus" between the acts alleged any claimed injury to AWA; and, (3) the Court's ruling on AWA's counterclaim is not "clear error."

Because AWA's Motion does not present any of the required grounds for granting a motion to reconsider, it should be denied.

> THE PLAINTIFFS, NEW COLT HOLDING
> CORPORATION and COLT'S
> MANUFACTURING COMPANY, INC.
>
> By: _____
> Robert C. Gill, II, Esq.
> Federal Bar No. ct20146
> Kristie G. Haynes, Esq.
> Federal Bar No. ct23615
> 1025 Thomas Jefferson St, NW
> Suite 425 West
> Washington, DC 20007
> Tel. (202) 342-1402

3

Fax (202) 342-8387

and

Joseph Dieso, Esq.
Federal Bar No. ct02486
P.O. Box 1868
Hartford, CT 06144-1868
Tel. (860) 244-1387
Fax (860) 244-1467
E-mail: jdieso@colt.com
- Their Attorneys –

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2004, the foregoing was served by U.S. Mail, postage pre-paid, on the following:

Joseph G. Fortner, Jr., Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

Robert G. Shepherd
Mathews, Collins, Shepherd & McKay
100 Thanet Circle
Suite 306
Princeton, NJ  08540-3674

4