UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NEW COLT HOLDING CORPORATION., *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | DOCKET NO. 302-CV-173(PCD) |
| RJG HOLDINGS OF FLORIDA, INC., *et al.* | ) ) ) | |
| Defendants. | ) | September __, 2004 |

## STIPULATED PERMANENT INJUNCTION ORDER

Plaintiffs, New Colt Holding Corporation ("New Colt") and Colt's Manufacturing Company, LLC, as successor to Colt's Manufacturing Company, Inc. (collectively, "Colt" or "Plaintiffs"), filed this action on or about January 29, 2002 against RJG Holdings of Florida, Inc., formerly known as American Western Arms, Inc. ("RJG"), a Florida corporation, and AWA International, Inc. ("AWA"), a Florida corporation, alleging, *inter alia*, trademark infringement, trade dress infringement, and violation of the Connecticut Unfair Trade Practices Act. Without any admission as to liability or culpability, Colt and AWA hereby stipulate and agree to entry of the following permanent injunction.

It is therefore ORDERED as follows:

1. AWA, its successors, subsidiaries, parents, affiliates and assigns, and those acting in concert with AWA, including but not limited to Barry B. Globerman and all of AWA's officers, employees, and/or agents, shall be permanently enjoined from use of the following trademarks of Plaintiffs and all confusingly similar marks:

Stipulated Permanent Injunction Order
New Colt Holding Corporation, et al. v. RJG Holdings of Florida, Inc., et al.

   (a) The word marks "Colt" or "Colt's," except to the extent used in accordance with paragraph 2 below;

   (b) ".45 Colt" or "Colt .45", including as a reference to a specific cartridge; provided, however, that use of ".45 LC" or ".45 Cal." shall be permitted;

   (c) "Peacemaker" or "The Peacemaker" word marks; "Peacekeeper" or "The Peacekeeper" word marks, as well as any name containing the word "Peace";

   (d) "Single Action Army", "The Single Action Army", "Colt's Single Action Army" as well as the "SAA" word marks; provided, however, that AWA may refer to its revolvers as "single action" revolvers;

   (e) the Rampant Colt symbol, including that shown in Registered Trademark No. 71011091, and;

   (f) the Armsmear Crest Symbol and any of the horse symbols contained in the Armsmear Crest, as shown on Registered Trademark No. 76438592.

  2. The prohibitions set forth in paragraph 1(d) above shall not apply to any use of such terms as descriptive terms, provided that in the event of any such use, AWA shall include in legible text on the same printed or Internet web page of such use the disclaimer that such mark "is a registered trademark of New Colt Holding Corp."

  3. AWA, its successors, subsidiaries, parents, affiliates and assigns, and those acting in concert with AWA, including but not limited to Barry B. Globerman and all of AWA's officers, employees, and/or agents, shall be permanently enjoined from use of the following features on or in connection with any its revolvers:

   (a) hammers bearing a blued top surface with sides that are unfinished or "in the white";

Stipulated Permanent Injunction Order
New Colt Holding Corporation, et al. v. RJG Holdings of Florida, Inc., et al.

      (b) black rubber or composite grips which have two distinct symbols on either side of the stocks;

      (c) a horse image or horse images of any kind on the revolver or its stocks, whether or not the Rampant Colt;

      (d) one or more dates on the revolver frame; except that such prohibition shall nor apply to the extent that such dates reflect the actual dates for any patents issued in favor of or assigned to AWA.

      4.    This injunction shall not apply to any revolvers sold prior to the entry of this injunction, even if they are thereafter returned to AWA or its successor(s) for repair, and further shall not take effect as to items 1(b) and 3(d) until nine months from the entry of this injunction order. In addition, this injunction shall not apply to manuals, advertisements or product which, as of the date of entry of this order, already exists or has been printed, and which are provided to customers in the ordinary course of business within 18 months of the entry of this Order, but AWA shall be enjoined from printing or creating any new manuals, advertisements or literature which is in violation of the terms of this Injunction or the parties' Settlement Agreement, dated September 9, 2004. .

      5.    As used in this Order, the word "use" includes incorporation of the trademarks and/or features prohibited by paragraphs 1 and 3 above, on or in connection with any goods or services, including but not limited to the manufacture, importation, advertising, marketing, and/or sale or transfer of any goods or services.

      5.    As used in this Order, the word "successor" shall include any entity that acquires all or substantially all of the assets of AWA, or its trade marks or trade names.

      SO ORDERED.

Stipulated Permanent Injunction Order
New Colt Holding Corporation, et al. v. RJG Holdings of Florida, Inc., et al.

                                        Peter C. Dorsey
                              United States District Judge

Dated: _September 30,_ 2004


THE DEFENDANT, AWA INTERNATIONAL, INC.

By: _____
     Joseph G. Fortner, Jr., Esq.
     Fed. Bar No. ct04602
     Halloran & Sage LLP
     One Goodwin Square
     Hartford, CT  06103-4303
     (860) 297-4609


THE PLAINTIFFS, NEW COLT HOLDING
CORPORATION and COLT'S
MANUFACTURING COMPANY, LLC.

By: _____
     Robert C. Gill, II, Esq.
     Federal Bar No. ct20146
     Saul Ewing LLP
     1025 Thomas Jefferson St, NW
     Suite 425 West
     Washington, DC 20007
     Tel. (202) 295-6600
     Fax (202) 295-6700

           and

     Joseph Dieso, Esq.
     Federal Bar No. ct02486
     P.O. Box 1868
     Hartford, CT 06144-1868
     Tel. (860) 244-1387
     Fax (860) 244-1467
     E-mail: jdieso@colt.com
     - Their Attorneys -